**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARTE HOLLIS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 15 C 7297 |
| NICHOLAS LAMB, Assistant Warden, Stateville Correctional Center, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On October 25, 2016, this Court denied Marte Hollis's petition for habeas corpus review. *See Hollis v. Lamb*, No 15 C 7297, 2016 WL 6217089 (N.D. Ill. Oct. 25, 2016). Hollis has moved for reconsideration of this ruling. In his motion, Hollis renews two of the arguments that he made in his original petition. First, he argues that his due process claim was not procedurally defaulted because he adequately presented the issue to the state courts reviewing his case. Second, Hollis again asserts that the victim in his original case, Matthew Judkins, was convicted of armed violence and that the prosecution withheld this information in violation of *Brady v. Maryland*. For the reasons stated below, the Court denies Hollis's motion for reconsideration.

I. **Due process claim**

In its ruling on October 25, this Court concluded that Hollis had not presented his due process claim to the state courts considering his appeal. Hollis now points to this Court's conclusion that he presented a "cognizable claim" as evidence that he

adequately presented this claim to the state courts. Pet'r's Mot. for Recons. 10. But the fact that Hollis was able to raise a cognizable federal claim before this Court does not mean that he fairly presented the same claim to the state courts. As discussed in the previous ruling, Hollis failed to give the state courts the opportunity to rule on his due process claim and therefore has procedurally defaulted it.

In arguing that he adequately presented his claim in state court, Hollis points to his motion for new trial, in which he did mention a denial of due process. Pet'r's Mot. for Recons. 8. In that motion, however, Hollis did not cite to any cases based on federal law. Hollis cited only to state court cases that analyzed the state-law framework for admissibility of evidence established by *People v. Lynch*, 104 Ill. 2d 194, 470 N.E.2d 1018 (1984). Hollis therefore did not alert the state court to the federal underpinnings of his claim. But even if that might have been enough to assert a due process claim before the trial court, Hollis's brief on direct appeal did not mention due process at all. His appeal brief focused solely on *People v. Lynch* and whether the trial court violated that state-law standard in excluding evidence of Judkins' character. Hollis cited numerous state court cases in support of this argument but did not contend that the exclusion violated his right to due process, nor did he cite to any state or federal cases discussing due process. For these reasons and those described in the Court's earlier decision, Hollis failed to present his federal due process claim through one complete round of state court proceedings.

Hollis also argues that the Court failed to consider whether he met the cause and prejudice standard for excusing a procedural default by showing that review of his claim is necessary to correct a fundamental miscarriage of justice. Pet'r's Mot. for Recons. at

5. Hollis argues that a fundamental miscarriage of justice exists because he is actually innocent of the charges of which he was convicted. *See id.* Under this standard, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). There was ample evidence from which reasonable jurors could have convicted Hollis. There were at least two eyewitnesses who testified at trial that they saw Hollis shoot Judkins. Further, Hollis himself had told police that he shot Judkins before they began wrestling. Hollis therefore has not shown that this Court is required to review his due process claim under the fundamental miscarriage of justice exception.

## II. *Brady* claim

In its ruling on October 25, this Court concluded that Hollis's claim under *Brady v. Maryland* was procedurally defaulted and that Hollis failed to show cause to excuse this default. This Court emphasized that Hollis had not supported his claim that Judkins was actually convicted of armed violence and that the prosecution concealed this information from him at trial. Hollis attempts to revive this argument based on the criminal history report attached to his original petition. But the Court reiterates that the criminal history report upon which Hollis relies does not "clearly indicate" that Judkins was convicted. *See* Pet'r's Mot. for Recons. at 23. Though it does show a charge for armed violence, among other things, it does not specify which charges resulted in a guilty verdict or the resulting sentence. Further, Hollis has presented no evidence that the prosecution concealed any similar information. Hollis has therefore failed to demonstrate cause to excuse his procedural default of this claim.

**Conclusion**

For the foregoing reasons, the Court denies Hollis's motion for reconsideration [dkt. no. 34].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 27, 2016